People v Rodriguez (2019 NY Slip Op 03734)





People v Rodriguez


2019 NY Slip Op 03734


Decided on May 14, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 14, 2019

Richter, J.P., Manzanet-Daniels, Webber, Kern, JJ.


9303 2438/09

[*1]The People of the State of New York, Respondent,
v
Eduardo Rodriguez, Defendant-Appellant.


Justine Luongo, The Legal Aid Society, New York (Lorraine Maddalo of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Jared Wolkowitz of counsel), for respondent.



Judgment, Supreme Court, New York County (Cassandra M. Mullen, J.), rendered July 17, 2012, convicting defendant, after a jury trial, of failure to verify registration information as a sex offender, and sentencing him to a term of 1&frac13; to 4 years, unanimously reversed, on the law, and the matter remanded for a new trial.
The court erred in denying defendant's challenge for cause to a prospective juror. The challenged panelist made a statement reflecting a state of mind likely to preclude the rendering of an impartial verdict (see CPL 270.20[1][b]), and the court did not elicit an unequivocal assurance that in rendering a verdict based on the evidence, the panelist could set aside any bias (People v Arnold , 96 NY2d 358, 362 [2001]). The juror expressly stated that he was "not sure" he could be impartial in a case involving a registered sex offender. His general statement about needing to hear the facts did not address his ability to overcome the specific bias he had expressed. "If there is any doubt about a prospective juror's impartiality, trial courts should err on the side of excusing the juror, since at worst the court will have replaced one impartial juror with another" (Arnold , 96 NY2d at 362 [internal quotation marks omitted]). In view of our conclusion as to this juror, we need not address whether a second juror was improperly seated.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 14, 2019
CLERK